UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-435-GWU

TIMMY MATTINGLY,                                                              PLAINTIFF,

VS.                            **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

**INTRODUCTION**

Timmy Mattingly brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income (SSI).  The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

07-435  Timmy Mattingly

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

07-435  Timmy Mattingly

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

3

07-435  Timmy Mattingly

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-435  Timmy Mattingly

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

07-435  Timmy Mattingly

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

07-435  Timmy Mattingly

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Mattingly, a 40-year-old former mechanic and counter top installer with a "limited" education, suffered from impairments related to L3-L4 stenosis and L5-S1 herniation.  (Tr. 21, 23).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of sedentary level work.  (Tr. 22-23).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 24-25).  The ALJ based this decision in large part, upon the testimony of a vocational expert.  (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

07-435  Timmy Mattingly

The hypothetical question presented to Vocational Expert Michael Rosko included an exertional limitation to sedentary level work restricted from a full range by the need for a sit/stand option.  (Tr. 223).  In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 223-224). Therefore, assuming that the vocational factors considered by Rosko fairly characterized Mattingly's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Mattingly's condition as required by Varley.  Dr. Gregory Koby, a treating physician, restricted the plaintiff from performing heavy lifting in January of 2005.[1]  (Tr. 161).  The hypothetical question was compatible with this limitation.  More severe restrictions than those found by the ALJ were not imposed by such treating and examining sources as Dr. Mark Collins (Tr. 106-110), Dr. Mark Goldberger (Tr. 125-129, 180-196), Dr. E. Montasir (Tr. 130-136), Dr. William Goldstein (Tr. 137), Dr. Harvey Wilner (Tr. 142), the staff at Michigan Neurology Associates (Tr. 143-158) and Dr. Michelle Bradley (Tr. 178-179).   These reports provide substantial evidence to support the administrative decision.

_____

[1]Dr. Koby reported that the plaintiff had unspecified limitations with regard to sitting, standing, lifting, carrying, handling objects and traveling in September of 2004. (Tr. 124).  By January, 2005, only heavy lifting was precluded.  Thus, the other restrictions appear to have resolved without meeting the one-year durational requirement.  20 C.F.R. § 404.1509.

An agency medical reviewer[2] opined that Mattingly was restricted to light level work restricted from a full range by such non-exertional limitations as an inability to more than occasionally climb, balance, stoop, kneel, crouch or crawl.  (Tr. 84-91). These postural restrictions were not presented to the vocational expert.  Dr. Koby, the treating physician, did not identify such restrictions.  As a treating source, his opinion outweighs that of the non-examiners.  The plaintiff has not raised the omission of these limitations from the hypothetical question as an issue.  Therefore, the court finds no error.

Mattingly argues that the ALJ erred in failing to cite reasons why the disability opinion of Dr. Ramesh Gopalaswamy, a treating doctor at Michigan Neurology Associates, was rejected.  The plaintiff asserts that the administrative regulations provide that even if this opinion were not controlling, the ALJ was still required under the federal regulations at 20 C.F.R. § 1527(d) and (e) to state the rationale for its rejection and that the ALJ's failure to follow its own administrative procedures constitutes reversible error.  Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004).  Dr. Gopalaswamy noted that the claimant was "currently disabled" in the section of the report concerning "Review of Systems."  (Tr. 157). However, rather than Dr. Gopalaswamy's own medical opinion, this statement

_____

[2]While the reviewer was clearly an M.D., the signature was unreadable.  (Tr. 91).

07-435  Timmy Mattingly

appears to be what the claimant told him about his status as the physician began

the examination.  Therefore, the undersigned finds no error.

Mattingly also asserts that the ALJ erred in failing to find that his condition

met the requirements of § 1.04(A) of the Listing of Impairments concerning spinal

disorders.  This Listing section requires a claimant to show:

> disorders of the spine (e.g., herniated nucleus pulposus, spinal
> arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc
> disease, facet arthritis, vertebral fracture) resulting in compromise of
> a nerve root (including the cauda equina) or the spinal cord.  With:
>
> A. Evidence of nerve root compromise characterized by neuro-
> anatomic distribution of pain, limitation of motion of the spine, motor
> loss (atrophy with associated muscle weakness or muscle weakness)
> accompanied by sensory or reflex loss and, if there is involvement of
> the lower back, positive straight leg raising test (sitting and supine):

20 C.F.R. Chapter III, Part 404, Subpart P, Appendix 1 § 1.04(A).  The ALJ found

that this Listing was not met because there was no evidence of motor loss

accompanied by sensory or reflex loss.  (Tr. 22).  The plaintiff maintains that this

finding was in error and cites a March 15, 2005 finding by Dr. Gopalaswamy of

motor weakness in the left leg (Tr. 157) as well as a limited motor examination in

October of 2005 (Tr. 149).  However, the defendant asserts that these were two

isolated incidents and that the Listing was not met for the one year durational

requirement.  Dr. Montasir reported in November of 2004 that motor examination

revealed fair muscle tone with no flaccidity or paralysis.  (Tr. 132).  Muscle strength

and sensation were reported by Dr. Koby to be intact in January of 2005.  (Tr. 161).

10

07-435  Timmy Mattingly

Dr. Demetrios Kikas, a colleague of Dr. Gopalaswamy at Michigan Neurological Associates, performed EMG/NCV studies on the claimant and found no sensory or motor deficits on March 17, 2005.  (Tr. 156).  Dr. Gopalaswamy himself found no motor deficits on June 17, 2005.  (Tr. 153).  Dr. Thomas Giancarlo, another colleague of Dr. Gopalaswamy, found no motor or sensory abnormalities in April of 2006.  (Tr. 143).  Therefore, under these circumstances, the undersigned must reject Mattingly's argument.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of September, 2008.

**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**